THOMAS LELAND AND CYNTHIA B. LELAND HIS WIFE, LEMUEL
  HASTINGS, GEORGE CARLTON AND ELIZABETH WAITE CARLTON
  HIS WIFE, WILLIAM JONES' HASTINGS, JONATHAN JENKS HAST-
  INGS, LAMBERT HASTINGS, JOEL HASTINGS, HUBBARD HASTINGS
  AND HARRIET MARIA HASTINGS, PLAINTIFFS V. DAVID WIL-
  KINSON.

Cynthia Jenks, on a petition to the general assembly of Rhode Island, represent-
  ing that she was the executrix of the last will and testament of Jonathan Jenks,
  late of Winchester, in the state of New Hampshire, deceased; and the perso-
  nal property being insufficient to pay the debts of the estate; obtained authority
  from the judge of probate to make sale of so much of the real estate of the deceased
  as should be necessary to pay the debts. Under this authority she sold and con-
  veyed certain lands in the state of Rhode Island, as belonging to the estate, and
  received a part of the consideration money, and the balance was to be paid when
  the deed executed by the petitioner should be ratified by the general assembly.
  The residue of the purchase money was represented to be absolutely necessary to
  pay the debts of the estate, and a ratification of the deed, &c. was prayed. In the
  lower house, June 1792, " it was voted and resolved, that the said petition be re-
  ceived, and that the said deed and the same is hereby ratified and confirmed, so
  far as respects the conveyance of any right or interest in said estate, mentioned in
  said deed, which belonged to the said Jonathan Jenks at the time of his decease."
  And in the upper house this resolve was read the same day, and concurred in.
By the Court, The purchasers, under the deed sanctioned, received all the interest
  in the premises which had been vested in Jonathan Jenks, and which on his death
  vested in his heirs or devisees. The act of the legislature and the deed are uncon-
  ditional, and neither the heirs of Cynthia Jenks, nor any other persons can im-
  peach the deed by evidence of facts prior to the act of confirmation.
The power of the legislature of Rhode Island in relation to the confirmation of such
  sales of real estate, is greater than the strict judicial power. They may sanction
  past transactions, where vested rights are not disturbed; while the court can only
  authorize a title to be made in future.

ON a certificate of division in opinion between the judges of the cir-
cuit court of the United States for the district of Rhode Island.

The case was submitted to the court by Mr Whipple, for the de-
fendant, on a printed argument. No counsel appeared for the plain-
tiff.

Mr Justice M'LEAN delivered the opinion of the Court.

The matters in controversy in this case are contained in certain
points, on which the judges of the circuit court for the district of

Rhode Island were divided; and which have been certified for decision to this court, under the act of congress.

The plaintiffs brought their action of ejectment against the defendant, to recover possession of the land in controversy; and they claim as the heirs at law of Cynthia Jenks. It was proved that Jonathan Jenks, who was seised of the premises, and who died in January 1787, devised the land to his daughter Cynthia, a few days before his decease.

The defendant's counsel gave in evidence a certain deed, executed by Cynthia Jenks, executrix, to Moses Brown and Ariel Wilkinson, dated the 12th of November 1791, and a certain bond or warrant of the same date.

Also the petition of Cynthia Jenks to the general assembly of Rhode Island, representing that she was executrix of the last will and testament of Jonathan Jenks, late of Winchester, in the state of New Hampshire, deceased; and that the personal property being insufficient to pay the debts of the estate, she obtained authority from the judge of probate to make sale of so much of the real estate of the deceased as should be necessary to pay the debts. And that under this authority she sold and conveyed certain lands in the state of Rhode Island, as belonging to the estate, and received a part of the consideration money; and the balance was to be paid when the deed executed by the petitioner should be ratified by the general assembly. The residue of the purchase money was represented to be absolutely necessary to pay the debts of the estate, and a ratification of the deed &c. was prayed.

In the lower house, June 1792, "it was voted and resolved, that the said petition be received, and that the said deed and the same is hereby ratified and confirmed, so far as respects the conveyance of any right or interest in said estate, mentioned in said deed, which belonged to the said Jonathan Jenks at the time of his decease." And in the upper house this resolve was read the same day, and concurred in.

The questions adjourned to this court are as follows:

1. Whether the confirmatory act, above stated, is sufficient to divest the title of the plaintiffs, if the sale of Cynthia Jenks, the executrix, confirmed by that act, was not necessary to pay the debts of her testator, Jonathan Jenks.

2. Whether the burthen of proof of the existence of such debts, and the insufficiency of the personal estate, and also of the real

[Leland et al. v. Wilkinson.]

estate, which the said Jonathan Jenks, by his said will, authorized his executors to sell, and pay the same, or of either of said points, is on the defendant.

3. Whether the said confirmatory act is prima facie evidence of the existence of such debts, and of such insufficiency of personal estate and real estate, so authorized to be sold as aforesaid.

4. Whether the defendant is to be deemed and held to be a purchaser for a valuable consideration, bona fide, and without notice ; so that he can protect himself under his title aforesaid ; notwithstanding there might have been no deficiency of assets, and no debts of the testator remaining unpaid at the time of the sale of Cynthia Jenks, executrix as aforesaid, and the passage of the confirmatory act aforesaid.

5. Whether the description of the demanded premises in the said deed of Cynthia Jenks, taken in connexion with the confirmatory act, is sufficient in law to divest the plaintiff's title to the same, and convey the same to the grantees.

6. Whether the recital of the license of the judge of probate in New Hampshire, contained in the deed of Cynthia Jenks, dated November 12th 1791, and the recital of and reference to said license in the petition of the said Cynthia to the legislature, and the act passed, is prima facie evidence of such license.

The whole of these questions, with the exception of a part of the fifth, that refers to a description of the premises, and which is not so stated as to enable the court to decide it, may be included in the simple inquiry, whether the grantees in the deed, confirmed by the legislature, took an absolute title to the premises in dispute. If this inquiry be answered in the affirmative, there is an end to all further inquiries; and if in the negative, it follows that the title and all the proceedings referred to, could only be considered as prima facie evidence of the facts represented.

In 1829 this case was brought before this court by writ of error ; and the court then decided, that the legislature of Rhode Island had the power to pass the above act. 2 Peters 627. And the only question which remains for consideration is, the effect of such legislative act.

If the legislature had power to confirm the deed in question, is it not made absolute by the confirmatory act? That such is the character of a title, made by an executor under an order of court, is admitted; and is it not clear, that the sanction of the legislature must produce the same effect ?

In this respect the power of the legislature of Rhode Island is greater than the strictly judicial power; for they may sanction past transactions, where vested rights are not disturbed; while the court can only authorize a title to be made in future.

No fraud is alleged between the purchasers and executrix; and the presumption is, that they acted in good faith. Nor does it appear that the rights of strangers were affected by the sale.

The purchasers then, under the deed sanctioned, received all the interest in the premises which had been vested in Jonathan Jenks, and which on his death vested in his heirs or devisees. The act of the legislature and the deed are unconditional; and neither the heirs of Cynthia Jenks, nor any other persons, can impeach the deed by evidence of facts prior to the act of confirmation. The legislature would have investigated the facts and confirmed the deed, to but little purpose, if it is to be considered only as prima facie evidence of title. In this view it would be necessary, in order to resist the title set up by the plaintiffs, to show that the administratrix proceeded regularly in her acts of administration; and that the sale of the real estate of the deceased, in Rhode Island, was necessary to pay debts. But this is not the nature of the title received by the purchasers. So far as the deed, under the sanctions given to it, purports to convey; all the right to the premises, of which Jonathan Jenks was seised at the time of his decease, was conveyed absolutely.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Rhode Island; and on the points and questions on which the judges of the said circuit court were opposed in opinion, and which were certified to this court for its opinion, agreeably to the act of congress in such case made and provided; and was argued by counsel: on consideration whereof, it is the opinion of this court that the grantees in the deed confirmed by the legislature of Rhode Island, took an absolute title to the premises in dispute in this cause; which opinion answers the first, second, third, fourth and sixth questions so certified; and also the fifth question, except that part of said fifth question which refers to a description of the premises, and which is not so stated as to enable this court to express an opinion; all of which is hereby ordered and adjudged, by this court, to be certified to the said circuit court.